IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,894-01






EX PARTE DOUGLAS PAUL SYKES, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 943846-A IN THE 209TH DISTRICT COURT

FROM HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of assault, and punishment was assessed at 2 years
and 6 months' confinement. No direct appeal was taken.

 Applicant contends that he was not provided advance notice of review for supervised
release prior to release being denied on June 20, 2005.

 The trial court has entered findings of fact or conclusions of law finding that the
Applicant fails to show that he is improperly confined. However, we do not believe that
those factual findings are sufficient to completely resolve the issues presented. Because
Applicant has stated facts requiring resolution and because this Court cannot hear evidence,
it is necessary for the matter to be remanded to the trial court for resolution of those issues. 
The trial court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3
(d), in that it may order affidavits, depositions, or interrogatories from the appropriate
officials in the Texas Department of Criminal Justice, Correctional Institutions Division, the
Parole Division, and the Board of Pardons and Paroles, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court should then make findings of fact as to whether Applicant is eligible
for mandatory supervision release, and, if so, whether he received due process when he was
last reviewed prior to the denial of such release. The trial court should also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 1ST DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.